**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CAROLYN W. HAFEMAN, an Individual<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., AND LG ELECTRONICS U.S.A., INC.,<br><br>Defendants. | **CIVIL ACTION NO.: 6:21-cv-00696-ADA**<br><br>**DEMAND FOR JURY TRIAL** |

**DECLARATION OF HONGSUN YOON REGARDING DEFENDANTS' OPPOSED MOTION TO DISMISS PURSUANT TO RULE 12(b)(3), OR IN THE ALTERNATIVE TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a), AND MOTION TO DISMISS CONTRIBUTORY INFRINGEMENT CLAIMS PURSUANT TO RULE 12(b)(6)**

I, Hongsun Yoon, declare as follows based on my personal knowledge and/or investigation. If called as a witness, I could and would testify competently to the following facts:

1. I am currently employed as Director and Senior IP Counsel at LG Electronics U.S.A., Inc. ("LGEUS"). I am responsible for intellectual property matters for LGEUS. Based upon my employment at LGEUS, I am familiar with LGEUS's operations and its interactions and relationship with LG Electronics Inc.

2. LG Electronics Inc. ("LGEKR") is a Korean corporation with its principal place of business in Seoul, South Korea. LGEKR and its employees have been responsible for the design, research, development, engineering, sourcing, and manufacture and assembly of LG-branded devices, including those products accused of infringement in this case, sold in the United States. LGEKR does not have a regular and established place of business in the Western District of Texas ("WDTX").

3. LGEUS is a wholly owned subsidiary of LGEKR. LGEUS is incorporated in Delaware and is registered to do business in California. LGEUS is a separate corporate entity from LGEKR, and each entity maintains all of its respective corporate formalities. LGEUS is responsible for importing, marketing, offering for sale, and selling LG-branded products in the United States, including within Northern District of California ("NDCA"). LGEUS also controls and operates LG's United States website—located at www.lg.com/us—through which products, including at least some of the accused products have been marketed, offered for sale, and sold through the United States, including in Northern California.

4. LGEUS has had around 100 employees working in its offices in Santa Clara and Napa within NDCA.

5. I understand that, in this litigation, Carolyn W. Hafeman ("Hafeman") alleges patent infringement based on certain LG-branded smartphones and tablets with the Google Play Protect software and laptops with Microsoft's "Find My Device" feature ("Accused Features"). These Accused Products incorporate software supplied by Google and Microsoft, both of which are located within NDCA. Neither LGEKR nor LGEUS is involved in the design, research, or development of Google's or Microsoft's respective products. LG employees from both LGEUS and LGEKR have regularly communicated and interacted with Google personnel located in NDCA in connection with the Accused Products. The LGEUS employees who were and have been involved in the process of integrating Google's software product into the Accused Products work or worked in LGEUS's office in Santa Clara. Further, LGEKR employees have regularly travelled to NDCA to coordinate with LGEUS and Google in connection with the Accused Features that stem from their respective products.

6. There are no LGEUS or LGEKR offices or facilities located in WDTX. LGEUS does not own, rent, or lease any facilities located in WDTX and has not done so within at least the past five years. In particular, LGEUS does not own, rent, or lease space at 9420 Research Blvd, Austin, Texas 78759 and does not have any employees, agents, or operations at that address. Based upon an investigation of LGEUS's records, I am unable to discern any basis for Hafeman's allegation that LGEUS has an office or facility at that address.

7. LGEUS's only employees in WDTX are four (4) work-from-home employees, who are not required to live in WDTX as a condition of their employment, do not store LGEUS inventory, or meet LGEUS customers at their homes. None of their work relates to the products at issue in this litigation. LGEUS does not own, rent, lease, or pay for any portion of the home of any of those employees.

8. To the best of LGEUS's knowledge, there are no LGEUS or LGEKR documents, witnesses, or employees in WDTX relating to the accused products or any other LG-branded cell phone, tablet, or laptop products. The four LGEUS employees working from home in WDTX do not have any job duties related to the accused products; instead, their work concerns other types of products (air conditioners and digital signage). LGEKR has no employees located in WDTX. LGEKR's employees, including its engineers, and documents are located in South Korea.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct. Executed on November 2, 2021, in Carmel, Indiana.

Hongsun Yoon