# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CAROLYN W. HAFEMAN,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil No. 6:21-CV-00696-ADA-DTG** |
| | § | |
| **LG ELECTRONICS INC.,** | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 41, hereinafter the "Motion"), Plaintiff's Opposition to the Motion to Dismiss (ECF No. 44), and Defendant's Reply (ECF No. 46). The Court heard oral argument on this matter on April 27, 2022. For the following reasons, the Court **RECOMMENDS** Defendant's Motion be **DENIED**.

## I.     BACKGROUND

On July 2, 2021, Plaintiff Carolyn W. Hafeman ("Hafeman" or "Plaintiff") filed her Original Complaint for Patent Infringement (ECF No. 1) against Defendants LG Electronics Inc. ("LGEKR") and LG Electronics U.S.A., Inc. ("LGEUS"). LGEKR and LGEUS filed a Motion to Dismiss the Complaint Pursuant to Rule 12(b)(3), or in the Alternative to Transfer Venue Pursuant

to 28 U.S.C. § 1406(a), and to Dismiss Contributory Infringement Claims Pursuant to Rule 12(b)(6) (ECF No. 24). On November 22, 2021, Plaintiff filed her First Amended Complaint (hereinafter the "Amended Complaint"). ECF No. 35. In the now operative Amended Complaint, Plaintiff dropped LGEUS from the case, as well as three of the six originally asserted patents. Defendants' original Motion to Dismiss was rendered moot once Plaintiff filed her Amended Complaint (*see* Text Order dated December 10, 2021), and Defendants filed the present Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6) on December 9, 2021.

Plaintiff's Amended Complaint accuses Defendant LGEKR of directly and indirectly infringing United States Patent Nos. 9,892,287 ("the '287 Patent"), 10,325,122 ("the '122 Patent"), and 10,789,393 ("the '393 Patent"). ECF No. 35 at 9–23.

## II.    LEGAL STANDARD

To avoid dismissal for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). When the plaintiff pleads factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 at 678. "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.)*,

*LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Based upon the assumption that all the allegations in the Complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. A court, however, need not blindly accept each and every allegation of fact. *Taylor v. Books A Million, In*c., 296 F.3d 376, 378 (5th Cir. 2002); *see Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). However, to satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc*., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). The Complaint need only give the defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id*.

## III.   ANALYSIS

Defendant moves to dismiss Plaintiff's allegations of single-actor direct infringement, joint infringement, induced infringement, and contributory infringement. The Court will address each argument in turn.[1]

---

[1] Plaintiff also claims that "The Amended Complaint, *in combination with Hafeman's infringement contentions served weeks ago*, provides LG with more than enough notice of Hafeman's claims for infringement against it."  (emphasis added) ECF No. 44, at 1. According to the Scheduling Order, Preliminary Infringement Contentions were served on November 10, 2021 (ECF No. 39, at 1), approximately one month before the present Motion was filed.  That very well might be the case. *See e.g. Panoptis Pat. Mgmt., LLC v. Blackberry Corp*., No. 216CV00059JRGRSP, 2017 WL 780885, at *4 (E.D. Tex. Feb. 10, 2017), *report and recommendation adopted*, No. 216CV00059JRGRSP, 2017 WL 780880 (E.D. Tex. Feb. 28, 2017).("Given the typical result, it is not clear why BlackBerry filed this motion to dismiss to test the sufficiency of PanOptis's direct infringement claims. It cannot be because BlackBerry does not have sufficient *notice* of PanOptis's claims because BlackBerry filed the motion to dismiss at least a month after BlackBerry received PanOptis's more detailed infringement contentions.")  Plaintiff's infringement contentions, however, are not part of Plaintiff's Complaint and the Court believes them to be outside the scope of a 12(b)(6) motion. *See Inclusive Cmtys. Project Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 900 (5th Cir. 2019) (when

### A. Direct Infringement

Direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a).

#### 1. *Plaintiff sufficiently states a claim for single-actor direct infringement.*

Defendant argues that "LGEKR does not perform any of the actions described in 35 U.S.C. § 271(a) for the accused products in the United States, and therefore it is not possible for Hafeman to state a plausible claim of direct infringement against LGEKR." ECF No. 41, at 3. Defendant argues this is so because Plaintiff has "admitted that LGEKR is a corporation organized and existing under the laws of Korea with its principal place of business in Korea." *Id*. (citing ECF No. 35 ¶ 3) (internal citations omitted). Defendant also claims that in the Original Complaint, Hafeman asserted that LGEUS was the importer and distributor of the accused products, but now claims "without any factual support" that it is LGEKR who actually "has directly infringed the Asserted Claims of the '287 Patent by making and selling the Accused Products . . . within the U.S., either itself, through intermediaries, or in conjunction with joint ventures and/or customers." *Id*. at 3–4 (citing ECF No. 35 ¶¶ 30, 54, 78). Defendant claims that this is a "conclusory statement, which is unsupported by any factual allegations, falls far short of the *Twombly/Iqbal* pleading standard and fails to put LGEKR on notice as to which entity is performing the allegedly infringing activity." *Id*. at 4. Defendant also argues that "Hafeman's Original Complaint directly contradicts the new

---

evaluating a 12(b)(6) motion a court is limited to the "facts set forth in the complaint, documents attached to the complaint" and documents attached by the defendant to its motion to dismiss that are referenced in the plaintiff's complaint).  As the Court stated in *Panoptis, "*[w]ith this reality in mind, the Court turns to the many additional reasons why, according to [Defendant], [Plaintiff]'s complaint is inadequate." 2017 WL 780885, at *4.  This Court now does the same below.

assertions that any infringement is performed by LGEKR." *Id*. at 5.

As an initial matter, the Court does not find it appropriate to impute allegations that were made in Plaintiff's Original Complaint and subsequently amended in its Amended Complaint. Those facts were amended away. *See, e.g.*, *Landmark Graphics Corp. v. Paradigm Geophysical Corp.*, No. CIV.A. H-05-2618, 2007 WL 189333, at *1 (S.D. Tex. Jan. 22, 2007) ("allegations raised in the original answer or counterclaim and subsequently dropped in amended pleadings have been superseded . . . It is well settled that an amended pleading supersedes the pleading it modifies. Similarly, any alleged facts made in the original counterclaim and not incorporated in the amended counterclaim have been 'amended away.'") (citing *Hibernia National Bank v. Carner,* 997 F.2d 94, 101 (5th Cir. 1993)); *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013) ("Plaintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss.  That is so even when the proposed amendment flatly contradicts the initial allegation.") (internal citations omitted).

The Court finds that Hafeman has sufficiently stated a claim for direct infringement. Defendant's primary argument for dismissal of Plaintiff's direct infringement claims is that "Hafeman now relies on vague, open-ended language: 'either itself, through intermediaries, or in conjunction with joint ventures and/or customers'" and that Plaintiff "fails to identify what intermediaries, joint ventures and/or customers are relevant for direct infringement much less the requisite control." ECF No. 41, at 5. But Courts elsewhere have found nearly identical allegations sufficient to withstand a motion to dismiss. *See Core Optical Techs., LLC v. Juniper Networks Inc.*, No. 21-CV-02428-VC, 2021 WL 4618011, at *3 (N.D. Cal. Oct. 7, 2021) (finding allegations of infringement "using Accused Instrumentalities in the U.S., *either directly or through intermediaries*, and/or by providing direct assistance to . . . U.S. customers in using Accused

Instrumentalities" and that Plaintiff operated the devices "*either personally, through intermediaries, or in conjunction* with others within the U.S." to provide sufficient factual support on a motion to dismiss) (emphasis added); *Canon, Inc. v. TCL Elecs. Holdings, Ltd.*, 2020 WL 1478356, at *14–15 (E.D. Tex. Mar. 25, 2020) (finding sufficient allegations that the defendants "directly or through intermediaries, including its subsidiaries, make, use, sell, offer to sell within the United States and/or import into the United States and this District infringing . . . systems that integrate" the asserted patents."); *Raytheon Co. v. Cray, Inc.*, No. 2:16-CV-00423, 2017 WL 1362700, at *3 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, 2017 WL 1344900 (E.D. Tex. Apr. 12, 2017); *Zamora Radio LLC v. Last.FM Ltd.*, 2010 WL 11505226, at *16–17 (S.D. Fla. Jan. 27, 2010).

Defendant's arguments may very well turn out to be correct, however, at this stage of the case, Plaintiff's allegations are sufficient.  As the Court stated in *Core Optical*, "[i]t may well be that after discovery [Defendant] will be entitled to summary judgment on the point.  But at this stage, the complaint pleads enough." *Core Optical*, 2021 WL 4618011, at *3. When taken as a whole, and construed in the light most favorable to the Plaintiff, the Court finds that the Amended Complaint "plead[s] facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007).

### 2. Plaintiff sufficiently states a claim for joint direct infringement.

"Under a joint infringement theory, applicable where 'no single actor performs all steps of a method claim,' direct infringement occurs only if 'the acts of one are attributable to the other such that a single entity is responsible for the infringement.'" *Chaffin v. Braden*, No. 6:14-CV-0027, 2018 WL 1794766, at *4 (S.D. Tex. Apr. 16, 2018) (quoting *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1364 (Fed. Cir. 2017)). "An entity will be held responsible

for others' performance of method steps under a joint infringement theory in either of two circumstances: '(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.'" *Chaffin*, 2018 WL 1794766, at *4 (quoting *Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1378 (Fed. Cir. 2017).

Defendant argues that Plaintiff has failed to sufficiently plead a theory of joint infringement by simply alleging that Defendant directly infringed the Asserted Patents "either itself, *through intermediaries, or in conjunction with joint ventures and/or customers* . . . by operating the Accused Products within the U.S., and making and selling the Accused Products within the United States." ECF No. 41 at 5 (emphasis added); ECF No. 35 ¶¶ 30, 54, 78. Specifically, Defendant claims that Plaintiff does not "identify what intermediaries, joint ventures and/or customers are relevant for direct infringement much less the requisite control." ECF No. 41 at 6. This Court has previously rejected this argument.  *See Frac Shack Inc. v. AFD Petroleum (Texas) Inc*., No. 7:19-CV-00026-DC, 2019 WL 3818049, at *3 (W.D. Tex. June 13, 2019) ("Defendants complain that [Plaintiff] does not point out with particularity which of the Defendants performs which steps in the '906 Patent claims. The Court finds that this is not required at this stage of the pleadings. At the pleading stage, courts allow members of the group to simply be described as 'third parties' with little regard for specifying which steps were performed by which member, as long as it is plausible that the entire claim is infringed by the group."  Here, Hafeman has alleged that "the LG Support Page provides extensive instructions on how to configure and operate the Accused Products to perform the infringing activities" and that a customer "following the instructions . . . would necessarily infringe each of the Asserted Claims" and receive the benefits of the claimed

invention. *See, e.g.*, Dkt. 35 ¶¶ 35–36, 59–60, 83–84.[2]

Multiple other Courts have similarly declined to dismiss based on disputes about allegations of joint infringement, particularly before claim construction or discovery has occurred. *See, e.g., H-W Tech., L.C. v. Apple, Inc.*, No. 3:11-CV-651-G, 2013 WL 12124025 at *15–16 (N.D. Tex. May 28, 2013). In *Tune Hunter*, for example, the Court determined that the claims required multiple actors, though the plaintiff was not required to identify third parties or allege "direction or control" over said third parties. *Tune Hunter Inc. v. Samsung Telecoms. Am., LLC*, 2010 WL 1409245, at *5 (E.D. Tex. Apr. 1, 2010). There, the Court held "[e]ven though it is clear that [the] asserted claims must be performed by multiple actors, [the plaintiff] is not required to crystallize its theory of infringement without having the benefit of discovery to aid it" and that, while the plaintiff "will be required to prove that a single actor exercises 'control or direction' over some other actors," the defendant's arguments would be better raised in a motion for summary judgment. *Id.*

Without discovery to aid in developing a more specific theory, Plaintiff has sufficiently alleged just enough factual information to put Defendant on notice of her claims. The allegations asserted, taken as true and viewed in the light most favorable to the plaintiff, adequately state a claim for joint infringement.

**B.  Indirect Infringement**

"Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). To sufficiently allege indirect infringement, the plaintiff

---

[2] Even though these allegations are listed under Plaintiff's Counts II, V, and VIII (of induced infringement) as opposed to direct infringement, "[t]he court's inquiry should focus on the complaint as a whole…" *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 321 (5th Cir. 2016).

must plead specific facts to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011).

### 1. *Plaintiff sufficiently states a claim for induced infringement.*

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances*, 563 U.S. at 766 (2011). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading*, 681 F.3d at 1339).

Defendant argues that Plaintiff did not sufficiently plead induced infringement because, it claims, the websites Plaintiff cites to in the Amended Complaint as examples of inducement are controlled by LGEUS, not LGEKR. ECF No. 41, at 7.[3]  Defendant further states that Plaintiff "relies only on U.S. websites" as the basis for her allegations of induced infringement. *Id.* However, this is not correct. Plaintiff alleges that Defendant induced infringement "by selling the Accused Products to one or more customers in the U.S., along with documents and instructions demonstrating how to use the devices to infringe the claims, and/or by providing service, support, or other active assistance to its customers in using the Accused Products." ECF No. 35 ¶¶ 33, 57, 81. Plaintiff also alleges, in the same sentence Defendant cites to as relying on the U.S. website,

---

[3] The Court sets aside the factual dispute as to which entity controls https://lg.com/us/ for the purposes of this Motion.

that Defendant provided, *inter alia*, "other product documentation which . . . Defendant provides in electronic and/or paper form to its customers for the accused products" and that "Defendant committed affirmative acts (i.e., selling the Accused Products, providing documents on how to use the Accused Products, and/or providing service or technical support, or other active assistance to its customers) which have resulted in the direct infringement of [the Asserted Patents] by its customers in the United States." ECF No. 35 ¶¶ 33, 37, 57, 61, 81, 85.

Plaintiff sufficiently pleads induced infringement by alleging that Defendant sells "the Accused Products to one or more customers in the U.S., along with documents and instructions demonstrating how to use the devices to infringe the claims, *and/or* by providing service, support, or other active assistance to its customers in using the Accused Products in the U.S." ECF No. 35, at ¶¶ 33, 57, 81 (emphasis added). Similar allegations have been deemed sufficient to survive a Rule 12(b)(6) motion. *See, e.g., Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (finding sufficient the allegations "that [d]efendants had knowledge of the [] patent and performed various activities with specific intent to induce others . . . to infringe by, among other activities, providing instructions, support, and technical assistance for the use of the [accused product]."); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 825 (E.D. Tex. 2019) (finding sufficient the allegations that the defendant induced infringement by "among other things, advising or directing customers and end-users to use the accused product in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner.").

"By identifying specific classes of information," such as instructions and product documentation and the specific list of Accused Products, Plaintiff "makes a ***plausible*** showing that discovery will reveal evidence . . . in support of [Plaintiff's] inducement claims." *Motiva Patents*,

408 F. Supp. at 831–32 (emphasis in original).

### 2. *Plaintiff sufficiently states a claim for contributory infringement.*

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or adapted for use in infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)). Like induced infringement, contributory infringement "requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).

While "'the burden of proof as to the absence of substantial non-infringing uses' ultimately falls on the plaintiff,' the [Amended] Complaint does not need to 'plead with specificity something that does not exist' in order to state a claim for contributory infringement.'" *EyesMatch Ltd. v. Facebook, Inc.*, 2021 WL 4501858, at *10 (D. Del. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 5061730 (D. Del. Oct. 18, 2021) (quoting *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 330515, at *16 (D. Del. Jan. 25, 2019)). Thus, the Court finds sufficient that Plaintiff alleged "[t]he 'Find My Device' feature of the Accused Products . . . is not capable of substantial non-infringing use."[4] ECF No. 35, at ¶¶ 49, 73, 97.

Lastly, Defendant argues that Plaintiff fails to sufficiently allege no substantial non-infringing uses and fails to specify the requisite infringing component. ECF No. 41, at 11.

---

[4] Defendant argues that the Amended Complaint sets forth at least one substantial non-infringing use. ECF No. 41 at 10. Determining if a use listed in the complaint is (or is not) a substantial non-infringing use is more appropriate for a later stage of the case. "Whether or not a 'use' is a 'substantially non-infringing use' is a question of fact." *Beneficial Innovations, Inc. v. Advance Publications, Inc.,* No. 2:11-CV-229-JRG-RSP, 2014 WL 12603492, at *3 (E.D. Tex. Jan. 6, 2014)

Defendant claims that Plaintiff identified the Accused Products as the "infringing components" and did not identify the larger system or device into which the infringing component is incorporated since the same item cannot be both the infringing component and the larger device into which the infringing component is incorporated. ECF No. 41, 11. However, Plaintiff states in her Amended Complaint that the infringing component is the "Find My Device" feature while the larger devices into which the feature is incorporated are the "Accused Products." ECF No. 35 ¶ 16 (" . . . LG's devices, when used, perform all of the steps of the methods claimed and include all of the components recited in the Asserted Claims. These devices include all LG-made Android OS cell phones, tablets, and laptops with the 'Find My Device' feature." Plaintiff then lists 36 LG devices.).

The Court does not believe that Plaintiff failed to identify the requisite component or larger device into which the infringing component is incorporated. As such, the Court finds that Plaintiff asserted allegations sufficient to support a claim for contributory infringement.

## IV.    CONCLUSION

While not replete with facts, the Amended Complaint contains allegations adequate to support a plausible inference of single-actor direct infringement, joint infringement, induced infringement, and contributory infringement and to provide Defendant notice of the issues to arise in this action. For the reasons outlined above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED**.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S.*

*Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 28th day of August, 2022**.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE