# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN, an Individual<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>6:21-cv-00696-ADA-DTG |

## ORDER GRANTING DEFENDANT'S DISCOVERY REQUEST

BEFORE THE COURT is Defendant LG Electronics Inc.'s request to compel Plaintiff Carolyn Hafeman to amend her responses to Defendant's Requests for Admission Nos. 15, 16, and 37 in accordance with Federal Rule of Civil Procedure 36. On January 9, 2023, Defendant LG Electronics, Inc. submitted the following discovery dispute to the Court pursuant to Section IV of the Standard Order Governing Proceedings 4.2—Patent Cases.

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|
| RFAs 15-16: Admissions regarding whether certain features of the accused functionality are covered by the Asserted Claims | Plaintiff's untimeliness argument is a red herring and not relevant here. Defendant acted diligently in meeting and conferring promptly after receiving Plaintiff's initial responses on November 23. Plaintiff then served amended responses on December 20, after which we promptly started this dispute exchange. Any delay is a direct result of Plaintiff taking nearly a month to serve amended responses.<br><br>These requests seek basic admissions about the accused | OGP 4.2 provides that the requesting party shall submit a discovery dispute to the Court "[o]nce the opposing party provides its response." Instead of doing so, Defendant improperly made futile revisions to its incorrect position more than a week after Plaintiff served her response.<br><br>Defendant's motion would be untimely under Local Rule CV-16(e) because well more than 14 days have elapsed since the relevant discovery deadline, *i.e.*, the close of fact discovery on November 23, 2022. *See, e.g.*, |

| | |
|---|---|
| features of the accused products. Plaintiff has an obligation under FRCP 11 to inform Defendant to what extent certain features infringe the Asserted Claims. This is especially so where fact discovery is complete. Notably, plaintiff waited to amend her responses until the day she served her infringement expert report. She therefore must be able to admit or deny these RFAs. As the parties head into summary judgment motions, these admissions are essential to narrowing the case to only those issues in dispute. Plaintiff's suggestion, with fact discovery complete and her infringement expert report served, that she lacks sufficient information to respond is entirely inappropriate and is untenable at this stage of the case.<br><br>Plaintiff cites an out of context snippet from a third-party deposition that does not relate to the requests at issue, apparently in an effort to justify plaintiff's alleged "reasonable efforts." Plaintiff's case law also ignores the plain language of the Rule, which explicitly requires that "if a matter is not admitted, the answer must 'state in detail why the answering party cannot truthfully admit or deny it.'" *Ledet v. Perry Homes*, 2021 WL 2879290, at *4 (W.D. Tex. | *CliniComp Int'l, Inc. v. Athenahealth, Inc.*, 2020 WL 4934460, at *2 (W.D. Tex. Aug. 24, 2020) (treating "the close of fact discovery" as the relevant "discovery deadline"). Defendant has not shown, and cannot show, that exceptional circumstances excuse its failure to seek relief earlier. Defendant's assertion that the Local Rules of the Western District of Texas are "not relevant here" is baffling. And Defendant's lack of diligence is demonstrated by, among other things, Defendant's decision to change positions a week after it should have submitted its (already untimely) request to the Court.<br><br>In any event, Defendant's motion would be meritless. Plaintiff properly "state[d] that [she] . . . made a reasonable inquiry and that the information [she] kn[ew] or c[ould] readily obtain [was] insufficient to enable [her] to admit or deny" these requests. Fed. R. Civ. P. 36(a)(4). Contrary to Defendant's suggestion, Plaintiff was not obligated to explain in detail why she lacked sufficient information. *See, e.g.*, *VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839, at *20 (N.D. Tex. Nov. 8, 2021) ("[W]hen an answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and |

2

| | | |
|---|---|---|
| | May 18, 2021) (quoting Fed. R. Civ. P. 36(a)(4)).<br><br>Relief: Order that Plaintiff respond to RFAs 15-16 in accordance with FRCP 36. | states that it has made a reasonable inquiry and that the information known or readily available to it is insufficient to enable it to admit or deny, *it has stated in sufficient detail why it cannot truthfully admit or deny the matter*." (emphasis added)).  The case cited by Defendant does not say otherwise.  Illustrating its incorrect reading of Rule 36, Defendant previously took the position that Plaintiff was required to specify "exactly what information" she needed to admit or deny these requests, before revising its position to request that the Court order Plaintiff to respond "in accordance with FRCP 36."  Plaintiff has already done so.<br><br>RFAs 15 and 16 asked Plaintiff to admit that the "remote locking functionality" in the Accused Products can be used without remotely initiating or changing return information to be displayed on the screen of the device.  Plaintiff's response to Defendant's RFA 26 admitted that the Asserted Claims "do not cover remotely locking a device without displaying Return or Recovery Information."  Plaintiff's expert report likewise stated that "remotely locking . . . does not appear in the asserted claims."  Thus, these requests do not seek information about "accused features of the accused |

3

| | | |
|---|---|---|
| | | products," as Defendant claims, and Defendant has been fully "inform[ed] . . . to what extent certain features infringe the Asserted Claims."<br><br>Finally, Plaintiff notes that her lack of sufficient information is illustrated by the testimony of Microsoft's corporate representative, who was unable to answer a similar question during his deposition, despite having overseen the creation of Microsoft's Find My Device software. Andersen Tr. at 22:7–11 ("Q. Would it be possible for a user to send a custom message to a lost device without utilizing the location tracking functions of Find My Device? . . . The Witness: I don't know. I don't know."). If Defendant wanted an answer to RFAs 15 and 16, it should have asked those with sufficient information: Microsoft and Google.<br><br>Relief: deny Defendant's requested relief |
| RFA 37: Admission regarding whether feature depicted is covered by a limitation of the Asserted Claims | Defendant incorporates the same response as above regarding plaintiff's red herring timeliness argument.<br><br>RFA 37's screenshot is clear. It states that the device has been lost, and if found, please contact the name listed at the email address or phone number. There can be no legitimate dispute that this | Plaintiff incorporates her arguments above regarding (1) Defendant's improper revisions to its position, (2) the untimeliness of Defendant's proposed motion, and (3) Plaintiff's compliance with her obligations under Rule 36(a)(4).<br><br>RFA 37 asked Plaintiff to admit that "the following screenshot |

4

| | | |
|---|---|---|
| | screenshot shows return or recovery information. No other information is required to make that determination. Plaintiff's suggestions that she needs to know the operating system depicted or who included the information on the screenshot are stall tactic roadblocks. Plaintiff's refusal to clearly respond with an admission lacks a legitimate basis and is a delay tactic intended to hamper the summary judgment process. Plaintiff similarly attempted to avoid answering this question during her deposition, which is why defendant served this simple RFA.<br><br>Relief: Order that Plaintiff respond to RFA 37 in accordance with FRCP 36. | shows Return or Recovery Information." Defendant's RFAs provided no information whatsoever about the screenshot, including what operating system it depicted and whether the information included in the screenshot was provided by the owner as required by the Court's construction. In addition, Plaintiff notes that she was unable to truthfully admit or deny similar questions during her deposition about a similar screenshot depicted in RFA 22. In its initial version of this discovery dispute, Defendant also challenged Plaintiff's response that she lacked sufficient information to truthfully admit or deny RFA 22. Defendant has now withdrawn its objection to Plaintiff's response to RFA 22, effectively conceding that Plaintiff also lacks sufficient information to truthfully admit or deny RFA 37 as written (a request that Defendant falsely implies was served after Plaintiff's deposition).<br><br>Relief: deny Defendant's requested relief |

On January 11, 2023, the Court held a hearing on Defendant's motion. After due consideration of the discovery responses and arguments made at the hearing, the Court finds that the request should be and hereby is **GRANTED**. The Court finds that Defendant's requests are

timely, as amended contentions were not submitted until December 20, 2022. The Court finds that Plaintiff's Responses to the Requests for Admissions lack sufficient detail as required under Federal Rule of Civil Procedure 36(a)(4). That rule requires that "[i]f a matter is not admitted, the answer must specifically deny it *or state in detail why the answering party cannot truthfully admit or deny it…*The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.*" This Court is of the opinion that the requests for admission should contain additional detail about why the Plaintiff is unable to admit or deny the requests.

Therefore, the Court **GRANTS** Defendant's request and **ORDERS** that within ten (10) days of this Order, Plaintiff shall supplement her answers to Requests for Admission Nos. 15, 16, and 37 with more detail about why she cannot truthfully admit or deny the request, or in the alternative, specifically admit or deny the request.

SIGNED this 11th day of January, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE