UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. W-21-CV-00696-ADA-DTG |
| § | |
| LG ELECTRONICS INC., LG ELEC- § | |
| TRONICS U.S.A., INC., § | |
| § | |
| Defendants. § | |

## CLAIM CONSTRUCTION ORDER

Before the Court are the Parties' claim construction briefs: Defendant LG Electronics, Inc.'s, ("Defendant") Opening and Reply briefs (ECF No. 49 and 53, respectively), Plaintiff Carolyn W. Hafeman's ("Plaintiff") Response and Sur-Reply briefs (ECF No. 51 and 55, respectively), and the Parties' Joint Claim Construction Statement (ECF No. 58). This matter was referred to the undersigned on April 19, 2022 (ECF No. 59) for disposition. The Court considered the Parties' briefs and provided preliminary constructions in advance of the *Markman* hearing. A *Markman* hearing was held on April 27, 2022. The Court issues this Order to memorialize the Court's final claim construction rulings for the parties, and to inform the parties that the Court is will issue a more-detailed Memorandum explaining its analysis in due course. The deadline to file any objections to the undersigned's claim construction rulings (pursuant to Federal Rules of Civil Procedure 59 and 72) do not need to be filed until 14 days after that more fulsome Order is entered upon the docket.

**SIGNED** this 11th day of April, 2023.

_____
Derek T. Gilliland
United States Magistrate Judge

## THE COURT'S CONSTRUCTIONS

I. **Agreed terms:**

| Claim Language | Agreed Construction | Court's Final Construction |
|---|---|---|
| "owner" (all asserted claims) (proposed by both parties) | "the person or entity that owns, rents, or licenses the recovery application or program, and/or the person or entity who controls the recovery service." | "the person or entity that owns, rents, or licenses the recovery application or program, and/or the person or entity who controls the recovery service." |

II. **Disputed terms:**

| Claim Language | Hafeman's Construction | LGEKR's Construction | Court's Final Construction |
|---|---|---|---|
| The displaying recovery/return information limitations[1] (all asserted claims) (proposed by LGEKR) | Plain and ordinary meaning | "automatically displaying return/recovery information during or after every boot-up" | Plain and ordinary meaning |
| "computer recovery information" / "recovery information" / "return information" (all asserted claims) (proposed by both parties) | Plain and ordinary meaning<br><br>Alternatively, "information provided by the owner so that the device can be returned to the owner" | This limitation is not entitled to any patentable weight pursuant to the printed matter doctrine<br><br>"information that includes at least one of a physical address of an owner/user, a telephone number of an owner/user, an email address of an owner/user, or an international recovery web site" | "information provided by the owner so that the device can be returned to the owner" |

| | | | |
|---|---|---|---|
| "without assistance by [a/the] user" (all asserted claims) (proposed by Hafeman) | "without any input or action by the user" | Plain and ordinary meaning (except for construction of "user" below) | Plain and ordinary meaning |
| "user" (all asserted claims) (proposed by both parties) | "person who has physical possession of the device" | "person, other than the owner, who has physical possession of the device" | "person who has physical possession of the device" |
| "the additional information" (claim 7 of the '287 patent) (proposed by LGEKR) | Plain and ordinary meaning | Indefinite | Indefinite |