# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 6:21-cv-00696-ADA<br><br>JURY TRIAL DEMANDED |

## OMNIBUS PRETRIAL CONFERENCE ORDER

On April 12, 2023, the Court held a pre-trial conference in the above-captioned matter.

The Court hereby memorializes its rulings in the below tables:

| No. | Motion | The Court's Order |
|---|---|---|
| 1 | LG's Motion to Stay Pending *Inter Partes* Review of the '122 Patent, '287 Patent and '393 Patent, Dkt. No. 112 | **DENIED** |
| 2 | LG's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101, Dkt. No. 77 | **DENIED** |
| 3 | LG's Motion for Summary Judgment of November 22, 2013 Effective Filing Date and Resulting Invalidity Under 35 U.S.C. § 102, Dkt. No. 94 | **DENIED**. The Court finds that LG is estopped from raising the priority date issue in this Court based on its *Sotera* stipulation filed in relation to the corresponding *Inter Partes* Review proceeding. Although LG uses two system references—Ms. Hafeman's Retriever product and Apple's Find My iPhone—for its invalidity argument that it could not raise before the PTAB, estoppel still applies when the allegedly new references have "materially identical" disclosures as the IPR art. *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454–55 (D. Del. 2020) (applying IPR estoppel where prior art publication in IPR and prior art product in court contained "materially identical" teachings). Since the related IPRs here are relying on Ms. Hafeman's patents, and Ms. Hafeman has admitted that the Retriever and Find My iPhone practice her patents, there is "no substantive difference" between these |

| | | |
|---|---|---|
| | | alleged references. *See Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 117CV03448JRSMJD, 2023 WL 1452172, at *34 (S.D. Ind. Jan. 31, 2023) (applying IPR estoppel to references that could not be raised in IPR because there was "no substantive difference" between the references). Although LG complains that Ms. Hafeman has not met her burden under *Wasica* to show there is no substantive difference between references relied in the IPR and the system references, LG does not rebut Ms. Hafeman's argument that the system art and the IPR references are materially identical because of LG's admissions. Nor does LG deny the overlap between the issues before the PTAB and this Court, arguing that this Court should reach the "**same** conclusion" that the PTAB made. *See* ECF No. 94 at 1. Thus, the Court finds that LG is estopped from arguing the priority date issue here. The Court therefore DENIES LG's Motion. |
| 4 | LG's Motion for Summary Judgment to Preclude Pre-Suit Damages and Summary Judgment of No Willful Infringement or Indirect Infringement, Dkt. No. 99 | **GRANTED** as to Constructive Notice and Actual Notice. To prove constructive notice under 35 U.S.C. § 287(a), it is insufficient to only mark a product with only the patent numbers of parent patents. The Court finds *Stryker Corp.* persuasive, specifically that 35 U.S.C. § 287(a) is "not so broad as to allow marking with a different patent—with different claims—to provide sufficient notice to the public". 837 F.3d 1268, 1278 n5 (Fed. Cir. 2016).<br><br>**DENIED** as to Willful and Indirect Infringement |
| 5 | LG's Motion to Exclude Certain Opinions of Dr. Scott Schaefer, Dkt. No. 104 | **DENIED** |
| 6 | LG's Motion to Exclude the Opinions and Testimony of Walter Bratic and Justin R. Blok, Dkt. No. 98 | **DENIED** as to the reliance on Phone Found third party applications not being based on scientific methodology. The instant case is distinguishable from *MV3 Partners, LLC v. Roku, Inc.*, No. W-18-cv-308, Dkt. 289 (W.D. Tex. June 4, 2020) because there was specific reasoning provided for the selection of the Phone Found third party application. The reasoning provided is as follows: (1) The free apps identified by Defendant's expert were found to be not technologically comparable by Dr. Schaefer; (2) Almost impossible to figure |

| | | out how much revenue was being generated by "free" apps; (3) Even though Phone Found was missing functionality, this just is evidence of conservative estimate and similar to the FDSC Security Product.<br><br>**DENIED** as to the reliance on flawed apportionment by Dr. Schaefer.<br><br>**DENIED** as to unreliable incremental benefit split calculation.<br><br>**GRANTED** as to any reliance on total profits of non-accused products.<br><br>**DENIED** as to the royalty for method claims not being apportioned based on actual infringement.<br><br>**DENIED** as to the exclusion of the remainder of Bratic's opinions because of 1-5 unreliability. |
|---|---|---|
| 7 | Ms. Hafeman's Opposed Motion to Exclude Certain Damages Opinions and Testimony of Lauren R. Kindler, Dkt. No. 101 | **GRANTED** |
| 8 | LG's Motion to Strike and Exclude the Untimely Rebuttal Expert Report of Walter Bratic, Dkt. No. 151 | **DENIED** |

## MOTIONS *IN LIMINE*

| MIL | Court's Ruling |
|---|---|
| Plaintiff's MIL #1: Evidence or argument concerning the IPRs or grounds raised in the IPRs | **GRANTED** |
| Plaintiff's MIL #2: Evidence or argument concerning unconsummated offers sent to Tangible IP | **GRANTED** |
| Plaintiff's MIL #3: Evidence or argument concerning fee agreements or sources of funding for this litigation | **GRANTED** |

| | |
|---|---|
| Plaintiff's MIL #4: Evidence or argument concerning motions to exclude an expert's testimony in previous cases | **GRANTED** |
| Plaintiff's MIL #5: Evidence or argument regarding patents held by LG, Microsoft, and Google | **DENIED** |
| Plaintiff's MIL #6: Evidence or argument concerning the relative importance of claim elements | **GRANTED** |
| Plaintiff's MIL #7: Evidence or argument concerning LG's supposed reputation in the industry or innovation | **DENIED** |
| Plaintiff's MIL #8: Evidence or argument regarding equitable issues reserved for the Court, including any suggestion of withholding from the Patent Office | **GRANTED** as to "equitable issues" such as inequitable conduct |
| Plaintiff's MIL #9: Evidence or argument regarding any prior art reference other than the nine references cited in LG's proposed jury instructions | **GRANTED** to the extent the material is not within the expert reports. |
| Defendant's MIL #1: Arguments, evidence, or suggestion that LG, Google, Microsoft, or any other companies copied Plaintiff's alleged invention | **RESOLVED** |
| Defendant's MIL #2: Argument or evidence of Google or Microsoft's indemnification and/or duty to defend LG | **GRANTED** |
| Defendant's MIL #3: Evidence or argument of infringement based on use by attorneys (and their employees) or experts in this litigation | **DENIED** |

SIGNED this 12th day of April, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE