UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN, an Individual<br><br>               Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC.,<br><br>               Defendant. | **CIVIL ACTION NO.:**<br>**6:21-cv-00696-ADA-DTG**<br><br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT LG ELECTRONICS INC.'S RESPONSE TO PLAINTIFF
CAROLYN W. HAFEMAN'S REQUEST FOR AN EXPEDITED BRIEFING SCHEDULE
FOR HER MOTION FOR RECONSIDERATION REGARDING ACTUAL NOTICE**

The Court should deny Plaintiff's request for expedited briefing on the eve of trial because her motion plainly does not meet the standard for reconsideration and is unduly prejudicial and burdensome coming just a week before trial. "While Rule 54(b) permits a Court to reverse itself for any reason it deems sufficient, the same factors for Rule 59(e) may be required as the absence of such a showing would exhibit no injustice to denying reconsideration." *WSOU Investments LLC v. Microsoft Corp.*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at *5 (W.D. Tex. June 9, 2022) (internal quotation marks omitted). "Otherwise, motions for reconsideration would simply become vehicles 'for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Here, Plaintiff had a full opportunity to brief and argue her opposition to LG's summary judgment motion on this issue. She failed to convince the Court, and now seeks to rehash arguments that she previously made as well as present only evidence and argument that she could have raised earlier. Plaintiff's reference to the impact of the ruling on her case is both inappropriate

and not a proper basis for expedited briefing or reconsideration.

Plaintiff does not cite to an intervening change in controlling law and fails to identify any new evidence not previously available. At oral argument, Ms. Hafeman's attorney appropriately characterized her argument on notice as "limited to the [one] e-mail and the linked claim charts that are attached." Ex. A at 64:22-25. Although Ms. Hafeman now, after-the-fact, improperly references several email transmissions in her request for reconsideration, all such transmissions were available to her during the briefing on LG's earlier motion for summary judgement and none of them were relied on in her earlier brief opposing LG's motion. *See, e.g.,* Dkt. 204, Exs. 1, 6-14. This is not surprising because the materials constitute essentially duplicative re-transmissions of the one substantive e-mail on which Plaintiff did rely in opposing LG's motion, all of which contain the same powerful disclaimer language that the documents "are not intended to be, and should not be interpreted as being, a notice of infringement, any form of accusation of infringement . . . ."

LG did not respond to any of these emails. Plaintiff's decision not to reference earlier such materials is not a proper basis for reconsideration and instead is an attempt to improperly contravene this Court's page limits on summary judgment briefing.

Plaintiff contends the Court applied the wrong legal standard, but the legal standard for actual notice fully supports the Court's Order. As she did in the earlier briefing, Plaintiff continues to ignore Federal Circuit precedent that actual notice requires the recipient be given "a specific charge of infringement by a specific accused product or device." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). As she acknowledges, actual notice is judged based on "the action of the patentee." *See* Dkt. 204 at 15 (citing *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001)). Under this legal standard, the Court correctly concluded that

no reasonable juror could find that Ms. Hafeman provided LG with a specific charge of infringement by a specific accused product or device.

The Court should deny Ms. Hafeman's request for expedited briefing. It is unfair and burdensome to LG to force a rehash of this issue after it was fully briefed and argued with no newly available evidence or intervening case law change when the parties should be preparing for trial on the issues that remain in the case. With trial set to start in just over a week, requiring LG to respond on an expedited briefing schedule on newly cited evidence and arguments would be unduly prejudicial to LG.

Dated: April 15, 2023

Respectfully submitted,

*/s/ Celine J. Crowson*

**HOGAN LOVELLS US LLP**
Celine J. Crowson (Admitted *Pro Hac Vice*)
555 Thirteenth St, NW
Washington, DC 20004
Celine.Crowson@hoganlovells.com
(202) 637-5703 (Telephone)
(202) 637-5910 (Facsimile)

Gurtej Singh (CA Bar No. 286547)
(Admitted in this District)
855 Main St Suite 200
Redwood City, CA 94063
Tej.Singh@hoganlovells.com
(650) 463-4000 (Telephone)
(650) 463-4199 (Facsimile)

**FAEGRE DRINKER BIDDLE & REATH,
LLP**
Kirstin Stoll-DeBell (Admitted *Pro Hac Vice*)
1144 15th Street, Suite 3400
Denver, CO 80202
Kirstin.StollDeBell@faegredrinker.com
(303) 607-3500 (Telephone)
(303) 607-3600 (Facsimile)

Carrie A. Beyer (Admitted *Pro Hac Vice*)
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Carrie.Beyer@faegredrinker.com
(312) 569-1000 (Telephone)
(312) 569-3000 (Facsimile)

Lora A. Brzezynski (Admitted *Pro Hac Vice*)
Brianna L. Silverstein (Admitted *Pro Hac Vice*)
1500 K Street NW, Suite 1100
Washington, DC 20005
Lora.Brzezynski@faegredrinker.com
Brianna.Silverstein@faegredrinker.com
(202) 842-8800 (Telephone)
(202) 842-8465 (Facsimile)

**POTTER MINTON PC**
Michael E. Jones

4

Shaun William Hassett
102 N College, Suite 900
Tyler, TX 75702
Tel: (903) 597-8311
Fax: (903) 531-3939
Email: mikejones@potterminton.com
Email: shaunhassett@potterminton.com

**GILLAM & SMITH, LLP**
Melissa R. Smith
Travis Underwood
303 South Washington Avenue
Marshall, Texas 75670
melissa@gillamsmithlaw.com
(903) 934-8450 (Telephone)
(903) 934-9257 (Facsimile)

*Counsel for Defendant LG Electronics Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that true and correct copy of the above and foregoing document has been served on all counsel of record via electronic mail on April 15, 2023.

*/s/   Celine J. Crowson*

Celine J. Crowson