**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| CAROLYN W. HAFEMAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>Defendants. | Civil No. 6:21-cv-00696-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>██████████████ |

**PLAINTIFF CAROLYN W. HAFEMAN'S REPLY IN SUPPORT OF HER MOTION
FOR EXPEDITED CONSIDERATION OF HER MOTION FOR RECONSIDERATION
REGARDING ACTUAL NOTICE**

As observed by this Court in the case cited by LG, when determining whether to grant reconsideration, "[u]ltimately, the critical inquiry is whether justice requires relief from the interlocutory order." *WSOU Invs. LLC v. Microsoft Corp.*, No. W-20-CV-00454-ADA, 2022 WL 2078216, at \*2 (W.D. Tex. June 9, 2022). Justice requires reconsideration of the Court's order granting LG's Motion for Summary Judgment on Pre-Suit Damages as to actual notice only, and it requires that the motion be briefed on an expedited basis for the following reasons:

1. **Because of the impact of the Court's decision on Ms. Hafeman's damages, the Court's ruling is essentially case-dispositive.**

Given the significance of the issue and the limited time before trial, Hafeman's Motion for Reconsideration should be briefed on an expedited basis. If the Court does not set an expedited briefing schedule, LG's response to the Motion would be due four days *after* trial commenced in this case on April 24, 2023. That timetable would make it impossible for the jury to decide actual notice, should the Court grant reconsideration and allow that factual question to go to the jury. In

1

order to preserve Ms. Hafeman's rights and avoid delaying the trial, the Court should order LG to

respond to the Motion promptly and decide the Motion prior to the beginning of trial.[1]

> **2.      The Court relied on the incorrect legal standard in concluding that Ms. Hafeman's efforts to avoid creating declaratory judgment jurisdiction barred her from showing actual notice.**

The Federal Circuit has confirmed that the test for actual notice is satisfied when "the

recipient is informed of the identity of the patent and the activity that is believed to be an infringement,

accompanied by a proposal to abate the infringement, whether by license or otherwise." *SRI Int'l v.*

*Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997).[2] The same case confirmed that this

test is ***different*** from whether declaratory judgment jurisdiction has been created.

> The criteria for actual notice under § 287(a) are not coextensive with the criteria for filing a declaratory judgment action. ***These statutory purposes are distinct, serve different policies, and are governed by different laws.*** The requirement of actual notice under § 287(a) is designed to assure that the recipient knew of the adverse patent during the period in which liability accrues, when constructive notice by marking is absent. ***Actual notice may be achieved without creating a case of actual controversy*** in terms of 28 U.S.C. § 2201.

*Id.* (emphasis added). Whether a case or controversy has been created such that a potential infringer

has standing (including a sufficiently imminent injury in fact) to bring suit for a declaratory

judgment of non-infringement is a different question from whether the actions of Ms. Hafeman's

patent broker were sufficient to constitute actual notice. The Court should reassess this issue with

the *SRI* standard in mind.

---

[1] Ms. Hafeman has waived her reply brief on the merits, so the Motion for Reconsideration will be ripe for decision once LG responds.

[2] LG complains that this standard is different from the oft-quoted "specific charge of infringement" standard set out in *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). To the extent that the two standards are different, *SRI* post-dates *Amsted* and thus is properly considered a refinement to the *Amstead* test and the current binding authority.

**3.**     **The question of whether a defendant has received actual notice is a question of fact.**

Whether LG received actual notice is a question of fact for the jury. In *Lucent Techs., Inc. v. Gateway, Inc.*, a district court denied summary judgment on pre-suit damages, allowing the question of whether Dell had sufficient notice under section 287 to go to the jury. There, similar to the facts here, emails were sent to Dell, who uses Windows software; those emails identified Windows software as potentially infringing, but ***did not*** identify any specific Dell products. 470 F. Supp. 2d 1180, 1185 (S.D. Cal. 2007). In denying summary judgment, the Court found that whether the emails to Dell asserting that Microsoft's Windows operating system infringed raised a factual issue for the jury regarding actual notice, even though those emails did not expressly "charge" Dell with infringement.

The presence of a "disclaimer" stating that the communications are not intended to constitute notice of infringement is only one fact to consider in assessing, under all the circumstances, whether Ms. Hafeman's communications to LG through her Tangible IP agent sufficiently informed LG of the activity believed to be an infringement. On this point, the intention of Ms. Hafeman's agent is not dispositive. For instance, in *Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l, Inc.*, No. 12-1099, 2015 WL 5725248, at *4-5 (C.D. Ill. Sept. 30, 2015), a district court ***granted*** summary judgment of actual notice ***in favor of*** a patent owner who testified that he did not "intend" the letter to charge infringement, where the letter stated that the infringer's products "may incorporate" the patented features. Similarly, neither Ms. Hafeman's nor Mr. Carbonneau's intentions about not triggering a declaratory relief action are dispositive, particularly when, as here, the repeated email communications to LG, together with the executive summary identifying LG and the claim chart mapping Asserted Patent claims to Google's FMD, state outright that "most (if not all) phone manufacturers now offer this feature by default." Simply put,

explaining exactly how LG infringes, but saying "don't take this as a notice of infringement for purposes of preemptively suing me," does not remove the factual notice issue from the jury.

       **4.**       **A reasonable jury could easily conclude on these facts that LG received actual notice.**

The record includes numerous facts from which a reasonable jury could conclude that LG received actual notice. As discussed in Ms. Hafeman's Motion for Reconsideration, Ms. Hafeman's patent broker sent or received no less than seven communications, including several infringement claim charts mapping the claims of Asserted '287 Patent against Google's Find My Device application to employees of LG that are involved in intellectual property matters, including the General Counsel of LGEUS. These communications asserted that "most (if not all) phone manufacturers now offer this feature by default," and the infringement claim charts mapped the claim limitations to standard application supplied by LG's vendor, Google, and installed by LG into **all the phones** it sells in the United States. The record is also clear that at least one employee of LG's Intellectual Property Center received both the first and the last of these communications. *See* Mot. for Reconsideration (Dkt. No. 204) at 1-2. A reasonable jury could easily conclude that these communications were objectively sufficient to put LG on actual notice.

DATED: April 15, 2023           Respectfully submitted,

                        By:     */s/ Max L. Tribble Jr.*

                        Max L. Tribble Jr.
                            Texas State Bar No. 20213950
                            mtribble@susmangodfrey.com
                        Krisina J. Zuniga
                            Texas State Bar No. 24098664
                            kzuniga@susmangodfrey.com
                        Thomas V. DelRosario
                            Texas State Bar No. 24110645
                            tdelrosario@susmangodfrey.com
                        **SUSMAN GODFREY LLP**
                        1000 Louisiana Street, Suite 5100

Houston, TX 77002
Phone: (713) 651-9366
Fax: (713) 654-6666

Kalpana Srinivasan
    California State Bar No. 237460
    ksrinivasan@susmangodfrey.com
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150

Genevieve Vose Wallace
    Washington State Bar No. 38422
    gwallace@susmangodfrey.com
**SUSMAN GODFREY LLP**
401 Union St, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883

Daniel D. Duhaime
(*pro hac vice*)
    New York Bar. No. 5780432
    dduhaime@susmangodfrey.com
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, Floor 32
New York, New York 10019
Tel: (212) 336-8330
Fax: (212) 336-8340

Lawrence M. Hadley
    California State Bar No. 157728
    lhadley@glaserweil.com
Jason C. Linger
    California State Bar No. 323031
    jlinger@glaserweil.com
**GLASER WEIL FINK HOWARD**
 **AVCHEN & SHAPIRO LLP**
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Phone:  (310) 553-3000
Fax:   (310) 556-2920

5

Mark D. Siegmund
   Texas State Bar No. 24117055
   msiegmund@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PLLC**
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, TX 76701
Phone: (254) 732-2242
Fax: (866) 627-3509

***Attorneys for Plaintiff Carolyn W. Hafeman***

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2023, all counsel of record are being served with a copy of this document via email.

_/s/ Max. L. Tribble Jr._
_Max L. Tribble Jr._