IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN,<br><br>               Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC.,<br><br>               Defendant. | Case No.: 6:21-cv-00696-ADA-DTG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF CAROLYN W. HAFEMAN'S REPLY IN SUPPORT OF HER OPPOSED MOTION FOR RECONSIDERATION REGARDING ACTUAL NOTICE**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Austin v. Kroger Texas, L.P.*,
   864 F.3d 326 (5th Cir. 2017) ...............................................................................................1

*FHE USA LLC v. Lee Specialties Inc.*
   2018 WL 11347193, at *2 (W.D. Tex. Nov. 27, 2018) ........................................................2

*Gart v. Logitech, Inc.*,
   254 F.3d 1334 (Fed. Cir. 2001) ............................................................................................2

*KAIST IP US LLC v. Samsung Elecs. Co. Ltd.*,
   2018 WL 10498197, at *4 (E.D. Tex. May 22, 2018) .........................................................1

*Lubby Holdings LLC v. Chung*,
   11 F.4th 1355 (Fed. Cir. 2021) ............................................................................................2

*Lucent Tech. Ins. v. Gateway, Inc.*,
   470 F. Supp. 2d 1180 (S.D. Cal. 2007) ................................................................................1

*Minks v. Polaris Indus. Inc.*,
   546 F.3d 1364 (Fed. Cir. 2008) ............................................................................................1

*Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l Inc.*,
   2015 WL 5725248 (C.D. Cal. Sept. 30, 2015) ....................................................................2

**Statutes**

35 U.S.C. § 287 ............................................................................................................................2

**Rules**

Federal Rule of Civil Procedure 54 ..............................................................................................1

Federal Rule of Civil Procedure 59 ..............................................................................................1

LG's Opposition contends that no reasonable jury could find actual notice, notwithstanding the five communications sent to LG, which included infringement claim charts for Google's Find My Device (an application which LG loaded into every single smartphone and tablet it sold), based on two main reasons: the communications from Ms. Hafeman's patent broker, Louis Carbonneau at Tangible IP, (1) referenced Find My Device instead of an LG-specific product; and (2) included a boilerplate disclaimer against accusations of infringement.[1] But other courts, including in this District, have found that a patentee can give actual notice in precisely these two circumstances. And contrary to LG's assertion, this Court is entitled to consider new evidence, new case law, and the interests of justice in deciding this motion. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 338 (5th Cir. 2017) (district court abused its discretion in applying Rule 59 standard to deny motion for reconsideration instead of the less rigid Rule 54 standard applicable here).

LG's first point is legally incorrect. Courts have found that notice need not reference specific products made by the defendant. For example, in *KAIST IP US LLC v. Samsung Elecs. Co. Ltd.*, the Eastern District of Texas found a triable issue of fact on actual notice where the patentee's written notice identified a particular ***technology*** (FinFET), and included limitation-by-limitation claim charts (like here), but did ***not*** identify any specific products. 2018 WL 10498197, at *4 (E.D. Tex. May 22, 2018). The *KAIST* Court cited the Federal Circuit's decision in *Minks*, which held that "knowledge of a ***specific infringing device*** is ***not a legal prerequisite***" to finding actual notice. *Minks v. Polaris Indus. Inc.*, 546 F.3d 1364, 1377 (Fed. Cir. 2008) (emphasis added). Similarly, in *Lucent Techs. Inc. v. Gateway, Inc.*, the Southern District of California found genuine fact issues with respect to two PC manufacturers (Dell and Gateway) where the notice letter only identified a ***software standard*** made by Microsoft, which Dell and Gateway used in their PCs. 470 F. Supp. 2d 1180, 1185-87 (S.D. Cal. 2007). Here, a reasonable jury could likewise conclude that the communications' reference to the Find My Device application of LG's vendor, Google,

---

[1] LG no longer makes its summary judgment argument that Mr. Carbonneau was not Ms. Hafeman's agent. *See* ECF No. 99, 10-11.  Nor does LG dispute that it installed Google Find My Device in ***every single*** smartphone and tablet it sold.

1

together with the detailed claim charts, sufficed to put LG on notice.[2]

LG's second point on disclaimer is directly refuted in *FHE USA LLC v. Lee Specialties Inc.*, where the Western District of Texas declined to dismiss the patentee's pre-suit damages claim even where the notice letter included the following disclaimer: "we wish to make clear that **we are not alleging patent infringement** at this time." 2018 WL 11347193, at *2 (W.D. Tex. Nov. 27, 2018). The *FHE* Court relied on the Federal Circuit's precedents regarding actual notice in *Gart* and *SRI*, stating: "the notice required by 35 U.S.C. § 287 need not be an 'an unqualified charge of infringement': it is sufficient that 'the communication from the patentee provide sufficient specificity regarding its belief that the recipient may be an infringer.'" *Id.*

LG's other arguments are contrary to binding precedent. LG contends that there is a "basic requirement of alleging infringement." Opp. at 4. In *Gart*, the Federal Circuit found that a reasonable jury **would have to** find actual notice even where the notice letter did "not use the word 'infringement,'" and instead, stated that patent counsel "may wish" to examine the patent. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1346 (Fed. Cir. 2001). LG argues that "there is no evidence … that anyone at LG opened, or even attempted to open, this purportedly linked executive summary." Opp. at 8. **Irrelevant**: it is the "action of the patentee" that matters, not the knowledge or understanding" of the infringer, *Gart*, 254 F.3d at 1346, and it is unlikely that LG could have acknowledged receipt without opening the email. LG argues that Mr. Carbonneau "did not intend to accuse LG of infringement." Mr. Carbonneau's subjective intent is similarly irrelevant. Actual notice is an "objective" standard, and the sender's intent is not dispositive. *Gart*, 254 F.3d at 1346; *Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l Inc.*, 2015 WL 5725248, at *3-5 (C.D. Cal. Sept. 30, 2015). Thus, Ms. Hafeman respectfully submits that a reasonable jury could find that LG had actual notice and requests that the Court allow the jury to decide the question.

---

[2] LG's reliance on *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360–61 (Fed. Cir. 2021), is unavailing. In *Lubby*, a split panel found no actual notice where the only communication involved was that patentee's CEO telling the defendant only "that he could not use the technology in the '284 patent." There was no identification in *Lubby* of an infringing activity and no proposal to abate the infringement like the sale or license offered to LG. *Id.* at 1361.

Dated: April 19, 2023               Respectfully submitted,

                                    By: */s/ Max L. Tribble Jr.*

| | |
|---|---|
| Lawrence M. Hadley (California 157728) | Max L. Tribble Jr. (Texas 20213950) |
| Jason C. Linger (California 323031) | Krisina J. Zuñiga (Texas 24098664) |
| GLASER WEIL FINK HOWARD | Thomas V. DelRosario (Texas 24110645) |
| AVCHEN & SHAPIRO LLP | SUSMAN GODFREY LLP |
| 10250 Constellation Boulevard, 19th Floor | 1000 Louisiana Street, Suite 5100 |
| Los Angeles, California 90067 | Houston, Texas 77002 |
| Tel: (310) 553-3000 | Tel: (713) 651-9366 |
| Fax: (310) 556-2920 | Fax: (713) 654-6666 |
| lhadley@glaserweil.com | mtribble@susmangodfrey.com |
| jlinger@glaserweil.com | kzuniga@susmangodfrey.com |
| | tdelrosario@susmangodfrey.com |
| | |
| Mark D. Siegmund (Texas 24117055) | Kalpana Srinivasan (California 237460) |
| CHERRY JOHNSON SIEGMUND JAMES, PLLC | SUSMAN GODFREY LLP |
| 400 Austin Ave., 9th Floor | 1900 Avenue of the Stars, Suite 1400 |
| Waco, Texas 76701 | Los Angeles, California 90067 |
| Tel.: (254) 732-2242 | Tel: (310) 789-3100 |
| Fax: (866) 627-3509 | Fax: (310) 789-3150 |
| msiegmund@cjsjlaw.com | ksrinivasan@susmangodfrey.com |
| | |
| | Genevieve Wallace (Washington 38422) |
| | SUSMAN GODFREY LLP |
| | 1201 Third Avenue, Suite 3800 |
| | Seattle, Washington 98101 |
| | Tel: (206) 516-3880 |
| | Fax: (206) 516-3883 |
| | gwallace@susmangodfrey.com |
| | |
| | Daniel D. Duhaime (New York 5780432) |
| | (*pro hac vice*) |
| | Susman Godfrey LLP |
| | 1301 Avenue of the Americas, 32nd Floor |
| | New York, New York 10019 |
| | Tel: (212) 336-8330 |
| | Fax: (212) 336-8340 |
| | dduhaime@susmangodfrey.com |

**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of this filing via electronic mail on April 19, 2023.

By: */s/ Max. L. Tribble Jr.*
SUSMAN GODFREY LLP