IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAROLYN W. HAFEMAN,<br><br>                Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, INC.,<br><br>                Defendant. | Civil Action No. 6:21-cv-00696-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>███████████ |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION
FOR A NEW TRIAL AND PARTIAL JUDGMENT AS A MATTER OF LAW**

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................1

II.  MS. KINDLER'S ▆▆▆▆▆▆▆ PREJUDICED MS. HAFEMAN. ............................1

III. LG'S REPEATED *SOTERA* VIOLATIONS PREJUDICED MS. HAFEMAN. ................2

IV.  THE COURT'S ERRONEOUS EXCLUSION OF ▆▆▆▆▆▆▆ EVIDENCE PREJUDICED MS. HAFEMAN. ..................................................................4

V.   MS. HAFEMAN PRESERVED HER JMOL ARGUMENTS. ...........................................5

VI.  MS. HAFEMAN IS ENTITLED TO JMOL OF INFRINGEMENT OR, IN THE ALTERNATIVE, A NEW TRIAL. ................................................................6

    A.  Dr. Black Engaged in Improper Claim Construction with Respect to Remote Initiating. ..........................................................................6

    B.  Ms. Hafeman Offered Unrebutted Proof of Remote Changing. .............................6

    C.  LG's Infringement Had the Requisite Nexus to the United States. .........................7

VII. MS. HAFEMAN IS ENTITLED TO JMOL OF VALIDITY OR, IN THE ALTERNATIVE, A NEW TRIAL. ................................................................8

    A.  LG's Evidence on the Windows 2000 Combination Was Insufficient. ...................8

    B.  LG's Evidence on BlackBerry Was Insufficient. ....................................................9

VIII. CONCLUSION........................................................................................................10

# **TABLE OF AUTHORITIES**
Page(s)

**Cases**

*Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*,
  2021 WL 8693677 (W.D. Tenn. Oct. 8, 2021) ...........................................................................3

*Bank of the South v. Ft. Lauderdale Tech. Coll., Inc.*,
  425 F.2d 1374 (5th Cir. 1970) (per curiam)..............................................................................2

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
  2019 WL 8192255 (C.D. Cal. Aug. 9, 2019)..............................................................................2

*Cox v. Wilson*,
  2017 WL 1632506 (D. Colo. May 2, 2017)................................................................................2

*ESW Holdings, Inc. v. Roku, Inc.*,
  2021 WL 3742201 (W.D. Tex. Aug. 24, 2021) (Albright, J.) ...................................................3

*Finnigan Corp. v. ITC*,
  180 F.3d 1354 (Fed. Cir. 1999)..................................................................................................9

*Hodges v. Mack Trucks Inc.*,
  474 F.3d 188 (5th Cir. 2006) .....................................................................................................5

*Hollybrook Cottonseed Processing, LLC v. American Guarantee & Liability
  Insurance Co.*,
  772 F.3d 1031 (5th Cir. 2014) ...................................................................................................2

*Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*,
  625 F. App'x 617 (5th Cir. 2015) ..............................................................................................4

*Navigant Consulting, Inc. v. Wilkinson*,
  508 F.3d 277 (5th Cir. 2007) .....................................................................................................5

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
  2017 WL 4020589 (E.D. Tex. Sept. 12, 2017) ..........................................................................6

*Park West Galleries, Inc. v. Hochman*,
  692 F.3d 539 (6th Cir. 2012) .....................................................................................................2

*Singular Computing LLC v. Google LLC*,
  2023 WL 2839282 (D. Mass. Apr. 6, 2023) ..........................................................................3, 4

*Thurber Corp. v. Fairchild Motor Corp.*,
  269 F.2d 841 (5th Cir. 1959) .................................................................................................4, 5

**Statutes**

35 U.S.C. § 315(e)(2) ............................................................................................................3

**Rules**

Federal Rule of Civil Procedure 26 ......................................................................................10

Federal Rule of Civil Procedure 50(a) ................................................................................3, 5

Federal Rule of Civil Procedure 50(b) ...................................................................................5

Federal Rule of Civil Procedure 59 ........................................................................................6

I.  **INTRODUCTION**

LG's opposition confirms that the Court should set aside the jury's verdict of non-infringement and invalidity and order a new trial. LG attempts to rewrite or ignore the most damning aspects of the trial record—including the prejudicial ▮▮▮▮ by Ms. Kindler; the concealed bias of three witnesses employed by ▮▮▮▮, Google and Microsoft; the misleading, edited video of Windows 2000 that LG referenced dozens of times at trial; and the demonstrably false testimony of Dr. Black and Mr. Dinu that Android Find My Device stopped working after a power cycle. Instead of confronting these issues head-on, LG tries to hide behind waiver arguments that are misguided and, in any event, inapplicable to Ms. Hafeman's alternative request for a new trial on all issues. The Court should dispense with LG's distractions and grant Ms. Hafeman's motion.

II.  **MS. KINDLER'S ▮▮▮▮ PREJUDICED MS. HAFEMAN.**

Ms. Kindler's ▮▮▮▮ prejudiced Ms. Hafeman shortly before the jury's deliberations and warrants a new trial. ECF No. 261 ("Mot.") at 6–7. LG boldly claims that Ms. Kindler did not actually ▮▮▮▮—on the theory that the MIL only prohibited testimony about "the value of certain offers," not "the mere fact" of those offers. ECF No. 264 ("Opp'n") at 4. That theory finds no support in the Court's MIL order—which prohibited *any* "evidence or argument concerning unconsummated offers sent to Tangible IP" (ECF No. 203 at 3)—and is directly contravened by ▮▮▮▮. ECF No. 261-2 ("Tr.") 991:12–13. LG also attempts to relitigate Ms. Kindler's ▮▮▮▮ by arguing that other witnesses also testified about unconsummated offers and thus Ms. Hafeman suffered no prejudice. Opp'n at 2–4. But the Court did not find that any other witness ▮▮▮▮ with the imprimatur of a damages expert

1

and the gravitas to tarnish the value of the Asserted Patents shortly before the jury's deliberations.[1]

In addition to its dramatic attempts to rewrite the trial record, LG tries to distinguish *Hollybrook Cottonseed Processing, LLC v. American Guarantee & Liability Insurance Co.*, 772 F.3d 1031 (5th Cir. 2014). Opp'n at 4. But LG does not—and indeed cannot—confront its core holding: that a prejudicial ▬▬▬▬ (in that case, about a settlement offer) that comes "shortly before the case was submitted to the jury" leaves "no fair assurance the jury was not influenced by the inadmissible . . . testimony." 772 F.3d at 1034. That rule applies with full force here, and on this basis alone, Ms. Hafeman is entitled to a new trial.[2]

### III.   LG'S REPEATED *SOTERA* VIOLATIONS PREJUDICED MS. HAFEMAN.

At trial, LG violated its *Sotera* stipulation in two distinct ways. Mot. at 8–10. *First*, LG should not have been permitted to introduce evidence as to BlackBerry and Windows 2000 as purported system art because "all of [LG's] actual arguments to show that certain limitations were disclosed in the prior art emanate[d] from the documents." *Cal. Inst. of Tech. v. Broadcom Ltd.*,

---

[1] LG argues that the Court "did not make a finding on the record" that Ms. Kindler ▬▬▬▬. Opp'n at 4 n.5. Ms. Hafeman's counsel immediately objected based on the ▬▬ and the Court—▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *E.g.*, Tr. 984:9–11 ("▬▬▬▬▬▬"); Tr. 987:2–4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); Tr. 989:20–21 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬."); Tr. 990:24–25 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"); Tr. 991:12–13 ("▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬). This record speaks for itself.

[2] LG also incorrectly suggests that Ms. Hafeman was required to move for a mistrial when she objected to Ms. Kindler's ▬▬▬▬. Opp'n at 4. "[I]f a timely objection to the misconduct has been made, a failure to move for a mistrial does not preclude a later motion for new trial based on the misconduct." *Cox v. Wilson*, 2017 WL 1632506, at *3 (D. Colo. May 2, 2017) (quoting *Moore's Federal Practice* § 59.13(c)); *accord Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 547 (6th Cir. 2012). Ms. Hafeman immediately objected to Ms. Kindler's ▬▬▬▬ and explained that the prejudice could not be cured (Tr. 983:12, 985:2–3), which is entirely unlike the case cited by LG, where the plaintiff did not object *or* move for a mistrial, but simply "let the matter pass." *Bank of the South v. Ft. Lauderdale Tech. Coll., Inc.*, 425 F.2d 1374, 1374 (5th Cir. 1970) (per curiam).

2018 WL 7456042, at *15 (C.D. Cal. Dec. 28, 2018). LG claims that Ms. Hafeman failed to carry her burden of showing that the printed publications disclosed the relevant limitations and were available to Microsoft and Google. Opp'n at 6–7. Nonsense. LG's own invalidity contentions show that the publications it relied on at trial were available via reasonably accessible public sources and that counsel for Microsoft, Google, and LG knew about and relied on them for all claim limitations before they ever filed the IPRs. ECF Nos. 261-7, 261-8; *see also* Mot. at 9 n.4 (citing an Amazon webpage). For example, Dr. Chatterjee's misleading Windows 2000 video (DX 477-L) does not depict a single step that is not "adequately described in the publicly available documents" cited in LG's preliminary invalidity contentions. *Avanos Med. Sales, LLC v. Medtronic Sofamor Danek USA, Inc.*, 2021 WL 8693677, at *2 (W.D. Tenn. Oct. 8, 2021).

Perhaps recognizing as much, LG tries to distract the Court by focusing on the portions of the printed publications that it actually introduced or showed the jury at trial. Opp'n at 6–7. But estoppel is determined based on the printed publications that Microsoft and Google reasonably could have raised *in the IPRs*. 35 U.S.C. § 315(e)(2). Google and Microsoft reasonably could have raised all of the BlackBerry and Windows 2000 publications in the IPRs, precluding LG from relying on any of those publications—or purported systems adequately described by those publications—at trial. *See, e.g.*, *Singular Computing LLC v. Google LLC*, 2023 WL 2839282, at *7 (D. Mass. Apr. 6, 2023) ("[A defendant] may not do indirectly what it cannot do directly—for example, it may not elicit expert testimony that regurgitates or summarizes the contents of those patents and publications.").[3]

---

[3] Ms. Hafeman objected to LG's *Sotera* violations both at summary judgment and trial. ECF No. 203 at 1–2; Tr. 3:12–5:7. Moreover, a motion for a new trial does not require that "an objection be made at trial or that a party first move for judgment as a matter of law under Rule 50(a)." *ESW Holdings, Inc. v. Roku, Inc.*, 2021 WL 3742201, at *3 (W.D. Tex. Aug. 24, 2021) (Albright, J.); *see also, e.g.*, *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 622

*Second*, LG was precluded from relying on Cohen because estoppel applies "whether the patents and printed publications are offered as stand-alone evidence, or in combination with other evidence that could not have been presented at the IPR proceeding." *Singular Computing*, 2023 WL 2839282, at *7. LG criticizes *Singular Computing*'s reasoning but fails to acknowledge that its holding follows from "the term 'ground' as used in § 315(e)(2)," which "refers to *any* anticipation or obviousness claim based on prior art in the form of a patent or printed publication," regardless of "whether the patent or publication is relied on in the subsequent litigation in whole or only in part." *Id.* at *5. The Court should follow *Singular Computing* and reject LG's request for the Court to adopt the same cramped, atextual definition of "ground" that the Court previously rejected at summary judgment. *See* Opp'n at 6 n.7.

## IV.  THE COURT'S ERRONEOUS EXCLUSION OF ▮▮▮▮▮▮▮▮▮▮ EVIDENCE PREJUDICED MS. HAFEMAN.

Under binding Fifth Circuit law, it was prejudicial error for the Court to exclude evidence of the bias of the Google and Microsoft witnesses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Thurber Corp. v. Fairchild Motor Corp.*, 269 F.2d 841, 844–45 (5th Cir. 1959); *see also* ECF No. 171 (opposing LG's MIL). As Ms. Hafeman's motion explained, *Thurber Corp.* is on all fours with this case and stands for the proposition that a new trial must be ordered when the Court excludes evidence of ▮▮▮▮▮▮▮▮ by an alleged patent infringer's supplier and employees of that supplier subsequently testify at trial. Mot. at 11–12.

LG suggests that *Thurber Corp.*'s rule does not apply because the witnesses in that case offered expert testimony, whereas the Google and Microsoft employees purported to testify as fact witnesses. Opp'n at 9. The Fifth Circuit's holding, however, was based on the witnesses'

---

(5th Cir. 2015) ("[A] district court has discretion to consider new theories raised for the first time in a post-trial brief." (quoting *Quest Med., Inc. v. Apprill*, 90 F.3d 1080, 1087 (5th Cir. 1996))).

4

"employment by someone with such a direct interest in the outcome of the case," not on whether the witnesses offered expert testimony. 269 F.2d at 845. Citing out-of-circuit caselaw, LG also claims that Ms. Hafeman was not prejudiced because the jury purportedly speculated—contrary to the Court's instructions—that Microsoft and Google were also infringing. Opp'n at 9–10; *see* Tr. 1070:7–13, 1085:1–1091:25 (instructing jury to determine only whether LG infringed based only on the evidence at trial). But whether Microsoft and Google were separately infringing has nothing to do with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and thus whether their testifying employees were biased in favor of LG. *Thurber Corp.*'s holding demands a new trial.

## V.   MS. HAFEMAN PRESERVED HER JMOL ARGUMENTS.

Ms. Hafeman preserved the JMOL arguments set forth in her motion. Mot. at 12–20. LG argues that Ms. Hafeman did not specifically identify each and every argument that appears in her post-trial motion in her oral Rule 50(a) motion. Opp'n at 10–11, 15–16. However, Ms. Hafeman satisfied Rule 50(a) because that rule requires nothing more than an "extremely brief and conclusory" motion. *Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 195 (5th Cir. 2006). Even if the Court disagrees, "Rule 50(b) is construed liberally," and the Court "may excuse technical noncompliance when the purposes of the rule are satisfied." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 288 (5th Cir. 2007). Here, Ms. Hafeman satisfied the purposes of Rule 50(b) by alerting LG and the Court to the objections raised by her post-trial motion.[4]

In any event, LG acknowledges that Ms. Hafeman properly preserved her alternative

---

[4] With respect to infringement, LG and the Court were aware that Ms. Hafeman objected to Dr. Black's construction of initiating as inconsistent with the plain claim language (Tr. 949:2–15, 953:15–954:16), Dr. Black's reliance on Mr. Andersen as to remote changing (Tr. 957:18–958:5), and Mr. Lee's conclusory testimony about importation and sales as inconsistent with the unambiguous documentary evidence (Tr. 411:25–417:1). With respect to validity, LG and the Court were aware that Ms. Hafeman objected to Dr. Chatterjee's misleading, edited video of Windows 2000 (Tr. 467:13–15, 800:16–801:2, 808:25–809:3) and his unfounded speculation about the operation of the BlackBerry "system" (Tr. 473:7–474:18, 829:24–832:21).

request for a new trial on infringement and validity by raising it in her post-trial motion. *See* Opp'n at 5 n.6. Thus, as explained below, even if the Court concludes that Ms. Hafeman failed to preserve any aspect of her JMOL motion, the Court should still grant relief under the more liberal standards of Rule 59 because the jury's verdict was against the great weight of the evidence.

### VI. MS. HAFEMAN IS ENTITLED TO JMOL OF INFRINGEMENT OR, IN THE ALTERNATIVE, A NEW TRIAL.

#### A. Dr. Black Engaged in Improper Claim Construction with Respect to Remote Initiating.

Dr. Black disputed only one claim limitation (Tr. 946:25–947:6) and based his non-infringement opinion on improper claim construction. Mot. at 13–14. LG admits that "[Dr. Black's] opinion as to why there was no infringement" could not properly be based on a specification embodiment as opposed to the claim language. Opp'n at 12. Yet that is exactly what happened at trial. Based exclusively on a single embodiment that is inconsistent with the plain claim language, Dr. Black offered his opinion about "how the invention in the patent itself works," and then claimed that the Accused Products did not infringe because "they work in a different way." Tr. 925:6–929:2. In other words, Dr. Black "directly compare[d] the accused instrumentalities with an embodiment disclosed in [the patent], which is impermissible." *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, 2017 WL 4020589, at *4 (E.D. Tex. Sept. 12, 2017).

#### B. Ms. Hafeman Offered Unrebutted Proof of Remote Changing.

Dr. Schaefer offered unrebutted testimony that the Accused Android Products remotely change return information when the owner enters a new message that will be displayed (or a new number that will be called) on the lost or stolen device. Mot. at 14. LG does not argue otherwise. *See* Opp'n at 13–14. Instead, LG incorrectly claims that Ms. Hafeman's motion "ignores" Dr. Black's testimony about a different limitation—whether the interactive program is remotely accessed by the owner or party authorized by the owner. *Id.* But as Ms. Hafeman explained, Dr.

6

Black's vague testimony about this limitation was insufficient to support the jury's verdict because Find My Device "receives and executes commands that the owner sends remotely," which is all that the plain claim language requires. Mot. at 14 n.8. LG offers no response to this argument.

The evidence at trial likewise established that the Accused Windows Products remotely change return information because the Asserted Patents make clear that powering a computer on is not the sort of user assistance prohibited by the Asserted Claims. Mot. at 15. LG argues that the record contains no evidence as to whether powering a computer on is user assistance. Opp'n at 14. LG apparently forgets about the Asserted Patents, which were admitted into evidence (*see* JX 1–3) and provide unrebutted proof that powering a computer on is not prohibited user assistance. Mot. at 15 (citing '287 Patent at Figs. 3–4, 3:28–29).[5]

### C. LG's Infringement Had the Requisite Nexus to the United States.

The evidence at trial conclusively showed that LG imported the Accused Products into the United States, that LG sold those products to LGEUS in the United States, and that LGEUS acted as LG's agent in selling those products to end-users in the United States. Mot. at 15–16. A reasonable jury could not believe Mr. Lee's conclusory testimony (*see* Opp'n at 14) in light of unambiguous documentary evidence showing that LG imported the Accused Products into the United States from Vietnam and China (PX 30; PX 31) and that title and risk did not pass from LG to LGEUS until the Accused Products were in the United States (PX 13, §§ 5.1, 5.3). At a minimum, the jury's verdict was against the great weight of the evidence on these issues. LG also claims that Ms. Hafeman failed to offer sufficient proof of an agency relationship (Opp'n at 15), but ignores that such proof came in through Mr. Lee's own testimony. Tr. 489:25–490:2 (testifying

---

[5] Notably, LG does not attempt to defend Dr. Black's doubling down on Mr. Dinu's false claim that Android Find My Device ceases to function after a power cycle, which Dr. Schaefer conclusively proved to be false using a live demonstration. Mot. at 14 n.8.

that "[t]he reason why LG formed LGE U.S." was "to sell [the Accused Products] in the U.S.").[6]

## VII. MS. HAFEMAN IS ENTITLED TO JMOL OF VALIDITY OR, IN THE ALTERNATIVE, A NEW TRIAL.

### A. LG's Evidence on the Windows 2000 Combination Was Insufficient.

LG relied on a misleading, edited video of Windows 2000 that was designed to obscure deficiencies in the prior art. Mot. at 16–17. LG does not dispute that this video omitted the fact that the user had already provided assistance by logging in to the computer—which alone shows that it does not practice the Asserted Claims. Nor does LG dispute that the video omitted the fact that the return information disappeared after approximately two minutes—another distinction between this reference and the Asserted Claims.

Instead of relying on the misleading video that it repeatedly trumpeted at trial, LG now points to conclusory testimony from Mr. Flo and Dr. Chatterjee—backed by no documentary or video evidence whatsoever—as support for the jury's verdict. *See* Opp'n at 16–17. In rebuttal, however, Dr. Schaefer proved using Microsoft's own unchallenged documentary evidence that user assistance was *always* required to remotely initiate or change return information on a lost or stolen computer using Windows 2000. Tr. 1006:12–1010:8; *see* DX 231. Likewise, Dr. Schaefer explained his own video demonstration to the jury and proved that return information was not maintained because it disappeared after approximately two minutes. Tr. 1010:9–1011:6. No reasonable jury could have resolved these lopsided evidentiary conflicts in favor of LG, and at a minimum the jury's verdict was against the great weight of the evidence.

---

[6] Ms. Hafeman is also entitled to JMOL or a new trial on indirect infringement. Mot. at 16 n.9. LG argues that the "receipt of Tangible IP emails" was "rebutted." Opp'n at 15 n.14. But a reasonable jury could not believe LG's denial of receipt in light of the *return receipt* admitted into evidence (PX 37), along with the numerous other authenticated emails to members of LG's Intellectual Property Center (DX 19; PX 21; PX 23–25; PX 32). At a minimum, the jury's verdict of no indirect infringement was against the great weight of the evidence.

8

### B. LG's Evidence on BlackBerry Was Insufficient.

LG's evidence on the inoperable BlackBerry system—Dr. Chatterjee's decades-old memory about the operation of the system, ambiguous user manuals, and a handheld device that showed locally-entered return information being obscured by the lock screen—was also insufficient to support the jury's verdict. Mot. at 17–20. *First*, LG claims that *Finnigan Corp. v. ITC*, 180 F.3d 1354 (Fed. Cir. 1999) is distinguishable because Dr. Chatterjee's testimony was purportedly corroborated by the handheld device and user manuals. Opp'n at 18. But LG does not and cannot dispute that the handheld device and user manuals were "ambiguous" and therefore cannot provide the corroboration that *Finnigan Corp.* requires. 180 F.3d at 1369.

*Second*, LG failed to prove that the return information was visible to anyone viewing the display screen. Mot. at 18 (showing DX 469-A at 5). LG's only response is to renew Dr. Chatterjee's speculation at trial that the return information became visible when the handheld device was charged (and not because the user provided assistance by pressing buttons on the handheld). Opp'n at 18–19. But as Ms. Hafeman's motion explained, such uncorroborated speculation is insufficient to support the jury's verdict. Mot. at 18 n.10; *see* Tr. 810:22–25 ("So I don't know why it's -- why the window is so big right now. It might be because the -- either low battery or because the -- or some other reason. I'm not sure."). In any event, Dr. Chatterjee's reliance on the handheld was irrelevant to invalidity because the return information was inputted locally rather than remotely. LG offered no evidence that remotely set return information was ever visible to someone viewing the display screen, as required by the claims.

*Third*, LG failed to prove that BlackBerry could remotely initiate or change return information without user assistance. Mot. at 19 (showing set handheld password and lock feature). LG notes that the parties' experts "disagreed" on this feature and, without any analysis, surmises that the jury must have found Dr. Chatterjee's explanation "more credible." Opp'n at 19. But LG

9

does not engage with Ms. Hafeman's extensive argument showing that a *reasonable jury* could not have believed Dr. Chatterjee's analysis of this feature or, at a minimum, that Dr. Chatterjee's analysis was against the great weight of the evidence. Mot. at 19. Nor does LG explain how the hopelessly ambiguous description of the feature in a single BlackBerry user manual could corroborate Dr. Chatterjee's decades-old memory.

LG's second, belated attempt to show a lack of user assistance also failed. Mot. at 19–20 & n.11 (discussing the security timeout feature). As Ms. Hafeman explained, Dr. Chatterjee's reliance on the security timeout feature failed to provide legally sufficient evidence of invalidity because the "interactive program" does not enable the initiating or changing of the display screen as required by the claim language. Mot. at 20 n.11.[7] LG does not contend otherwise. *See* Opp'n at 19–20. Instead, LG merely states that the security timeout feature "is part of *a program* stored on the BlackBerry device"—not that it is part of *the interactive program* required by the claim language. Opp'n at 21 n.21. Indeed, Dr. Chatterjee offered no analysis at trial of how the security timeout feature could possibly satisfy the interactive program limitation. Tr. 739:3–7 (discussing the set password and lock handheld feature, not the security timeout feature).[8]

## VIII. CONCLUSION

The Court should grant Ms. Hafeman's motion and order a new trial.

---

[7] Over Ms. Hafeman's objection, Dr. Chatterjee presented this theory at trial for the first time in violation of Rule 26. Mot. at 19–20; *see* Tr. 786:1–7. The sole reference to the security timeout in Dr. Chatterjee's report is in the background section, and he cited the relevant page for an entirely different purpose: to show the highlighted "IT Policy" feature, not the security timeout. Opp'n at 20 (citing ECF No. 265-8 at 102). Until trial, Dr. Chatterjee had *never* relied on the security timeout to argue that the without assistance limitations were satisfied. This violation of Rule 26 prejudiced Ms. Hafeman and independently warrants a new trial. Mot. at 19–20.

[8] As a last resort, LG tries to shirk its burden of proving invalidity at trial by claiming that Ms. Hafeman "presented no testimony from Dr. Schaefer on this point, meaning there are no facts in the record that could support JMOL." Opp'n at 20; *see id.* at 20 n.21. But, of course, it was LG's burden to prove invalidity by clear and convincing evidence, meaning that Ms. Hafeman was not obligated to put on any evidence of validity at trial.

Dated:  September 21, 2023

Lawrence M. Hadley (California 157728)
Jason C. Linger (California 323031)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Tel:  (310) 553-3000
Fax:   (310) 556-2920
lhadley@glaserweil.com
jlinger@glaserweil.com

Mark D. Siegmund (Texas 24117055)
CHERRY JOHNSON SIEGMUND JAMES
  PLLC
The Roosevelt Tower
400 Austin Avenue, 9th Floor
Waco, Texas 76701
Tel: (254) 732-2242
Fax: (866) 627-3509
msiegmund@cjsjlaw.com

Respectfully submitted,

By: */s/ Daniel D. Duhaime*

Max L. Tribble Jr. (Texas 20213950)
Krisina J. Zuñiga (Texas 24098664)
Thomas V. DelRosario (Texas 24110645)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
kzuniga@susmangodfrey.com
tdelrosario@susmangodfrey.com

Kalpana Srinivasan (California 237460)
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com

Genevieve Wallace (Washington 38422)
SUSMAN GODFREY LLP
401 Union Street, Suite 3000
Seattle, Washington 98101
Tel: (206) 516-3880
Fax: (206) 516-3883
gwallace@susmangodfrey.com

Daniel D. Duhaime (New York 5780432)
(*pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas, Floor 32
New York, New York 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
dduhaime@susmangodfrey.com

*Counsel for Plaintiff Carolyn W. Hafeman*

## CERTIFICATE OF SERVICE

      I hereby certify that counsel of record are being served with a copy of this document via email on September 21, 2023.

      */s/ Daniel D. Duhaime*
SUSMAN GODFREY LLP
*Counsel for Plaintiff*